UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHURCH MUTUAL INSURANCE,<br><br>Plaintiff,<br><br>v.<br><br>ETIMANI MAAFU, AN INDIVIDUAL; ROCKY MOUNTAIN CONFERENCE OF THE UNITED METHODIST CHURCH, A COLORADO NON-PROFIT CORPORATION; SALT LAKE CITY LAUMALIE MAONIONI FREE WESLEYAN CHURCH OF TONGA, A UTAH NON-PROFIT CORPORATION; VILIAMI HOSEA, AN INDIVIDUAL; HAVILI MONE, AN INDIVIDUAL; MANASE VAILEA, AN INDIVIDUAL; AISEA NAI, AN INDIVIDUAL; SIOSAIA HAUKINIMA, AN INDIVIDUAL; LYNDON LAUHINGOA, AN INDIVIDUAL; AND MELANIE NGAUE, AN INDIVIDUAL;<br><br>Defendants. | **MEMORANDUM DECISION**<br><br>**AND ORDER**<br><br><br>2:13-CV-00672-DS<br><br><br>District Judge David Sam |

Defendants Etimani Ma'Afu and Rocky Mountain Conference of the United Methodist

Church ("RMC") ("United Methodist Defendants") have filed this Motion for Contempt

Sanctions and Memorandum in Support. They assert that Church Mutual has refused to comply with this Court's Order to pay the defense costs of RMC and to provide a defense to Mr. Ma'Afu, and that Church Mutual is in direct and willful violation of the Court's Order, and should be held in contempt and sanctioned. Church Mutual, on the other hand, argues that it has specifically appealed both the merits of the case and the directive that Church Mutual pay defense costs and other legal fees, which is integral to the appeal. The Tenth Circuit has expressly stated that the jurisdictional issues and the substantive issues appealed from will be decided by the merits panel. Thus, according to Church Mutual, this motion seeks to have the Court invade the jurisdiction of the Tenth Circuit and otherwise deprive Church Mutual of the procedural protections afforded by applicable law. This Court, after carefully consideration of the submitted memoranda, hereby denies the United Methodist Defendants' Motion for Contempt Sanctions.

On August 5, 2015, this Court granted the United Methodist Defendants' Motion for Partial Summary Judgment on Church Mutual's duty to defend, and directed Church Mutual to defend Mr. Ma'Afu and to pay legal fees of the Rocky Mountain Conference. Church Mutual timely appealed to the Tenth Circuit, under 28 U.S.C. § 1292(a)(1), on the assumption that the Court's directive constitutes injunctive relief that is immediately appealable. The United Methodist Defendants filed with the Tenth Circuit a motion to dismiss Church Mutual's appeal for lack of jurisdiction. The Tenth Circuit Court of Appeals issued an order explaining that it will address the jurisdictional issues when it addresses the parties' substantive briefing. The United Methodist Defendants then filed this Motion for Contempt Sanctions, requesting that the Court (1) enter judgment against Church Mutual for $702,136.95 in defense costs incurred by RMC and Mr. Ma'Afu through August 2015 plus all subsequent defense fees and costs; (2) order

that Church Mutual pay interest at the rate of 10% per annum on that amount from the date of the Court's August 5, 2016 Order until the date of the Court's ruling on this motion, and (3) order that Church Mutual pay the United Methodist Defendants' attorney fees and costs associated with seeking to enforce the Court's Order.

## ANALYSIS

To succeed on a motion for contempt, a party "must prove, by clear and convincing evidence, that (1) each order at issue was valid and enjoined conduct in reasonable detail; (2) the enjoined party had actual knowledge of the order . . . ; and (3) the enjoined party disobeyed the order."[1] The United Methodist Defendants argue that the factors for contempt are met in this case. The Court issued a clear order requiring Church Mutual to defend Mr. Ma'Afu in the state court consolidated lawsuit and to pay legal fees to RMC. Church Mutual does not dispute that it has knowledge of the Order. And Church Mutual has not complied with the Order.

The United Methodist Defendants rely on Fed. R. Civ. P. 62(a), which expressly provides that "unless the court orders otherwise, the following are not stayed after being entered, even if an appeal is taken: (1) an interlocutory or final judgment in an action for an injunction. . . ." If the Court's Order is an injunction—and Church Mutual clearly agrees that it is, having initiated an appeal based on its own argument that the Court's Order is an injunction—then absent a court order, it would not be stayed, even if an appeal is taken.

However, in this case, Church Mutual has appealed not only the injunctive relief awarded, but the merits determinations on which the injunctive relief was based—the same merits determination which RMC and Ma'Afu seek to enforce in their contempt motion. RMC

---

[1] *ClearOne Communications, Inc. v. Bowers,* 651 F.3d 1200 (10th Cir. 2011).

and Ma'Afu challenged both Church Mutual's right to appeal and the scope of the appeal by filing a motion to dismiss in the Tenth Circuit.  But their motion was not granted.  Instead, the Tenth Circuit specifically ordered that the jurisdictional issues raised by the motion to dismiss will be decided by the panel that addresses the merits of the appeal.   Thus both substantive and jurisdictional issues related to this appeal remain pending with the Tenth Circuit.  A decision by this Court on any issue currently pending before the Tenth Circuit would run the risk of conflicting with the Tenth Circuit's decision, further complicating and extending the litigation.

It should also be noted that this is a case where attorney fees and legal costs are central to the merits of the claims and subject to evidentiary and procedural rules.  When "[a]ttorneys' fees are an item of damage alleged . . . they must be proved and established and their reasonableness shown just like any other element of damage."[2]  The United Methodist Defendants have the burden of proving damages, if they are awardable.  If and when the Tenth Circuit affirms this Court's order granting summary judgment in favor of RMC and Ma'Afu, and remands for a determination of damages, then their damage claim can proceed accordingly, with Church Mutual having the right to conduct reasonable discovery.

## CONCLUSION

For the reasons discussed above, United Methodist Defendants' Motion for Contempt Sanctions (Dkt. No. 111) is hereby denied.

Also, in keeping with Court's desire not to run the risk of conflicting with the Tenth Circuit's decision, or further complicating and extending the litigation, this Court also hereby grants Church Mutual's Motion to Stay Plaintiff's Responses to Defendant's request for

---

[2] *Crist v. Ins. Co. of N. America,* 529 F.Supp. 601, 605 (D. Utah 1982).

Production of Documents (Dkt. No. 76), until the Tenth Circuit issues its opinion.  The Court also denies the United Methodist Defendant's Motion to Compel Responses to Discovery (Dkt. No. 90).

DATED this 17th day of February, 2016.

BY THE COURT:

DAVID SAM

United States District Judge